UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.T., a minor, by and through his guardian ad litem, MACY MCCOY; MACY MCCOY, an individual; and DEMMARI THOMAS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, and SAINT AGNES MEDICAL CENTER,<br><br>Defendants. | No. 1:25-cv-00470-KES-SKO<br><br>ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS<br><br>Doc. 3 |

Plaintiffs Z.T. (a minor proceeding through his guardian ad litem, Macy McCoy), Macy McCoy, and Demmari Thomas, proceed in this medical malpractice action against the United States of America and Saint Agnes Medical Center. *See* Doc. 1-1. This matter was originally filed in Fresno County Superior Court on October 23, 2024, against Auther E. Adams, M.D., and Saint Agnes Medical Center. Doc. 1-1. The United States removed this case to federal court on April 23, 2025. Doc. 1. The United States certified that, at all times relevant to the allegations in plaintiffs' complaint, Dr. Adams was acting within the course and scope of his employment with the United States.[1] Doc. 1-2 at 3. Pursuant to that certification, the action against Dr. Adams is

---

[1] At the time relevant to this action, Dr. Adams was an employee of Clinica Sierra Vista, which was a federally supported health center pursuant to the Federally Supported Health Centers

1

"deemed to be an action or proceeding brought against the United States." 28 U.S.C. § 2679(d)(2). The United States is therefore substituted in as defendant for Dr. Adams.

The government moves to dismiss the claims against it under Rule 12(b)(1) for lack of subject matter jurisdiction, because plaintiffs' claims against the government are under the Federal Tort Claims Act ("FTCA") and plaintiffs failed to exhaust their administrative remedies prior to initiating this lawsuit against the government as required by the FTCA. Doc. 3; *see also* 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiffs did not file an opposition to the motion. *See* Docket. As the Court lacks subject matter jurisdiction over the claims against the government, the government's motion to dismiss is granted.[2]

## I.  FACTUAL BACKGROUND

Plaintiffs allege that, on October 26, 2022, plaintiff Macy McCoy was admitted to "labor and delivery" at St. Agnes Medical Center and that Dr. Adams, who "was working on the obstetrical service for . . . Saint Agnes Medical Center," was the "admitting, attending and delivering physician." *Id.* at 12. The complaint alleges that Dr. Adams negligently delivered plaintiff Z.T., resulting in Z.T. requiring extensive grafting and invasive surgery at another hospital. *Id.* The complaint further alleges that the "nurses and medical personnel at Saint Agnes Medical Center negligently failed to properly assist" to ensure a safe delivery of Z.T. *Id.* Plaintiffs McCoy and Thomas, as Z.T.'s parents, allege they are entitled to emotional distress damages. *Id.* at 13.

Plaintiffs did not submit an administrative claim regarding these allegations to the Department of Health and Human Services. Doc. 3-1 ("Christofferson Decl.") ¶¶ 2-4.[3]

---

Assistance Act ("FSHCAA"), 42 U.S.C. § 233. Doc. 1-2 at 2–3.

[2] Plaintiffs' failure to oppose the motion to dismiss also provides an independent basis to grant the motion. *See* Local Rule 230(c) ("A failure to file a timely opposition may . . . be construed by the Court as a non-opposition to the motion."); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district court's dismissal of action pursuant to virtually identical local rule for failure to oppose motion to dismiss).

[3] "[T]he district court may review evidence beyond the complaint" to resolve a factual jurisdictional question. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

2

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack on subject matter jurisdiction may be facial or factual. *Safe Air for Everyone*, 373 F.3d at 1039. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When resolving a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

## III. ANALYSIS

"The FTCA . . . waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citation omitted); *see also* 28 U.S.C. §§ 1346(b), 2671 *et seq.* "Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim." *D.L.*, 858 F.3d at 1244 (citing 28 U.S.C. § 2675(a)). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *Id.* (citation omitted). "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Id.* (citation omitted).

The government asserts that the Court lacks subject matter jurisdiction to hear plaintiffs' claims against it due to plaintiffs' failure to exhaust their administrative remedies, citing evidence that none of the plaintiffs filed an administrative claim with the Department of Human and Health Services. *See* Doc. 3.

Plaintiffs' complaint does not allege that plaintiffs exhausted their administrative remedies before filing this action. *See generally* Doc. 1-1. Thus, plaintiffs' complaint appears to be facially deficient in that it does not adequately allege subject matter jurisdiction. Additionally, the government provided a sworn declaration from Mary Christofferson, an attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services ("HHS"), that plaintiffs have not filed an administrative claim with HHS regarding their allegations against Dr. Adams. Christofferson Decl. ¶¶ 2-4. The burden therefore shifted to plaintiffs to "furnish affidavits or other evidence necessary to satisfy [their] burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Plaintiffs did not oppose the motion to dismiss, nor have they provided any evidence that they have exhausted their administrative remedies. Plaintiffs have failed to carry their burden, and the claims against the government must be dismissed for lack of subject matter jurisdiction.

The sole basis for removal of this action to federal court was the United States's removal pursuant to 28 U.S.C. § 1346(b). Plaintiffs' remaining claims against defendant Saint Agnes Medical Center arise under state law, and there is no indication that the parties satisfy diversity jurisdiction requirements. As the United States is dismissed by this Order, the Court remands the remaining claims to the Fresno County Superior Court.

**IV.   CONCLUSION**

Accordingly:

1. The United States is substituted as a defendant in this action for Auther E. Adams, pursuant to 28 U.S.C. § 2679(d)(2). The Clerk of Court shall terminate Auther E. Adams as a defendant on the docket and shall substitute in the United States.

2. The United States's motion to dismiss the claims against it, Doc. 3, is granted for lack of subject matter jurisdiction.

3. The remaining claims against Saint Agnes Medical Center are remanded to the Fresno County Superior Court;

4. The Clerk of Court shall mail a copy of this Order to the clerk of the Fresno County Superior Court; and

4

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 6, 2025

UNITED STATES DISTRICT JUDGE